UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

DEBORAH MARSH,

                     Plaintiff,     :    08 Civ. 3497 (TPG)

         – against –     :    **OPINION**

NEW YORK CITY DEPARTMENT OF
EDUCATION and SALLY MCKAY,

                   Defendants.

------------------------------------------------x

      Plaintiff Deborah Marsh brings this action under 42 U.S.C. § 1983 and state law against her former employer, the New York City Department of Education ("DOE"), and DOE employee Sally McKay. The DOE moves to dismiss the complaint, which plaintiff opposes.

      The motion is granted.

## Facts

      The following facts are taken from the complaint and, for purposes of this motion, are assumed to be true.

      On May 16, 2006, plaintiff resigned from a position with the DOE "pursuant to an agreed upon stipulation of settlement," by which the DOE agreed to withdraw disciplinary charges that were pending against plaintiff. In January 2007, plaintiff began working for a private entity, the East Bronx NAACP Day Care Center ("the Center"). On March 16, 2007, defendant McKay issued a letter to the Center on the DOE's behalf.

According to plaintiff, the letter "falsely stat[ed] that the plaintiff was being investigated by the Department of Special Investigations." As a result of that letter, her employment with the Center was terminated.

On April 13, 2007, defendants issued another letter to the Center stating that plaintiff had been "found guilty of altering official school records." Plaintiff alleges that this letter was also false. Plaintiff claims that although she had "sought to be reinstated to her position" with the Center, the April 13 letter "thwarted" this attempt. Neither the complaint nor plaintiff's brief explains why the DOE sent these letters to the Center.

Plaintiff asserts a claim under 42 U.S.C. § 1983 on the basis of an alleged violation of her due process rights. She also alleges that defendants defamed, libeled, and slandered her, and tortiously interfered with her contract with the Center, all in violation of New York law. She seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In deciding the motion, the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

This case presents a problem dealt with in various federal court decisions beginning with <u>Paul v. Davis</u>, 424 U.S. 693 (1976). A plaintiff may have been defamed and may well have a valid state law claim for defamation. But that does not, in and of itself, mean that there has been a violation of rights under the U.S. Constitution, specifically, as here claimed, a deprivation of due process. In order for there to be a valid claim under the Constitution, the governmental agency or official must have committed the defamation and must <u>also</u> have committed some wrongdoing causing a loss of liberty or property—i.e., rights protected by the Constitution. This is the analysis in <u>Paul v. Davis</u> and subsequent cases. See <u>Sadallah v. City of Utica</u>, 383 F.3d 34, 38 (2d Cir. 2004).

Here there is a claim of defamation, but the claim does not involve the second, essential stage. Plaintiff was, to be sure, discharged by the Center, and the Center declined to reinstate her. But the Center was a private institution and not a government actor subject to the due process clause.

Plaintiff appears to be relying in part on the Second Circuit's decision in <u>Valmonte v. Bane</u>. In <u>Valmonte</u>, the Second Circuit held that a plaintiff can claim a due process violation in the "unique" situation where the Government places a "tangible burden" on an individual's employment prospects by (1) requiring, by law, that private employers consult with the Government before hiring the individual, (2) providing defamatory information to the employer about that individual, and

(3) requiring the employer to submit a special justification for hiring that individual. 18 F.3d 992, 1001-02 (2d Cir. 1994). In this case, however, plaintiff has not alleged that any governmental entity took any steps to require or even guide what the Center did.

Plaintiff's allegations are therefore insufficient to establish a due process violation, and her § 1983 claim against the DOE must be dismissed. Plaintiff's remaining claims must also be dismissed. First, plaintiff has voluntarily withdrawn her state law claims. Second, although defendant McKay has apparently not been served in this action and thus has not joined in the DOE's motion, the claims are dismissed for the same reasons discussed with respect to the DOE.

Because all of plaintiff's claims are dismissed on their merits, the court need not reach the DOE's additional arguments that the complaint should be dismissed for failure to properly serve process and for failure to plead facts establishing liability under <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978).

### Conclusion

The DOE's motion to dismiss is granted, and the case is dismissed.

SO ORDERED.

Dated: New York, New York
August 18, 2009

Thomas P. Griesa
U.S.D.J.